[No. 3,859.]

## HENRY VOORMAN AND LOUIS SCHULTZ *v.* CHRISTIAN H. VOIGHT AND CLAUS SPRECKELS.

OBJECTION TO TESTIMONY.—If an action is brought on a contract the performance of which was guaranteed, and the contracting party and guarantor are joint defendants, and testimony is offered which is relevant as to the contractor, but not admissible as against the guarantor, a general objection to the testimony is insufficient, but the objection must point out why the testimony ought not to be received.

EVIDENCE IN ACTION ON CONTRACT. — In an action on a contract to deliver spirits in good packages, where the only issue made is, whether the packages were good, the plaintiff, being the party to deliver the spirits, may prove that the defendant assigned other reasons than the defect in the packages for not paying for the spirits, and that he did not offer to return the packages.

COMPLIANCE WITH CONTRACT. — In action upon a contract to deliver spirits in good packages, where the only issue is, whether the packages were good, an instruction to the jury that if the plaintiff had substantially complied with the contract he was entitled to a verdict, but that if the packages containing the spirits were not good, it was not such a substantial compliance with the contract as to entitle the plaintiff to recover, is not erroneous.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The action was upon a contract. In February, 1872, the plaintiffs, Voorman and Schultz, under the firm name of Pacific Refinery Company, agreed to sell and deliver to the defendant Voight forty thousand gallons of rectified or refined pure spirits, of the grade and kind known as the Pacific Refinery Company's Number One, to be made ninety per centum over proof standard, to be delivered in good packages, consisting of barrels, pipes, three-quarter pipes, and puncheons. The defendant Spreckles guaranteed the performance of the contract by Voight, and is sued as a guarantor. The plaintiffs allege that the contract was performed on their part; but the defendants deny that the packages containing the whiskey were good, and aver that they sustained a large loss by reason of a failure on the part of the plaintiffs to deliver the spirits in proper packages. The amount to be paid for the liquor was twenty-four thousand dollars, but Voight refused to pay that amount, and only paid twenty-two thousand dollars. At the trial Schultz was asked whether Voight assigned any reason for paying only twenty-two thousand dollars, and if so what reason he did assign. The witness answered that Voight said it was because he had paid too much for the spirits and had been swindled by his broker. When Voorman was examined he was asked whether there was "at any time after the contract was made and the spirits delivered, any offer on the part of the defendants, or either of them, to return the spirits, or any part of it." He replied there was not. The defendants objected to the questions, that they were irrelevant, incompetent, and immaterial. The Court overruled the objections and admitted the testimony. The plaintiffs obtained a verdict and judgment; the defendants moved

CAL. REPS. XLVI—50

for a new trial, which was refused, and they appealed from the judgment and from the order denying a new trial.

*W. W. Cope* and *Sharp & Lloyd,* for Appellants.

The plaintiffs, allege that the contract was performed on their part; but the defendants deny the performance in respect to the packages. They aver that the packages were not good, and that a large loss was sustained by reason of the failure of the plaintiffs to deliver the spirits in proper packages. The theory adopted at the trial was, that the plaintiffs must recover according to the contract or not at all; and that in alleging performance, they had assumed the burden of proving it, and could not avail themselves of a waiver of performance or an excuse for non-performance. In other words, that the only question was whether the packages were good in the sense of the contract, and that unless they were the plaintiffs could not recover, the action being upon the contract and not on a *quantum meruit.*

We submit that the questions put to the witnesses were improper, and that the Court erred in allowing them.

In the production of evidence, it is an established rule that the evidence offered must correspond with the allegations, and be confined to the point in issue. "This rule," says Greenleaf, "excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them." (1 Greenl. on Ev. Secs. 51, 52, 448; 1 Phill. on Ev. 460, 461; 1 Cowen & Hill's Notes, 615, Note 308, and cases cited; *The Townsend Manufacturing Company* v. *Foster,* 51 Barb. 346; *Dennis* v. *Belt,* 30 Cal. 247.)

The questions alluded to were clearly in violation of this rule. The only issue was as to the character of the pack-

ages, and the questions were not susceptible of an answer which could properly be considered in determining that issue. They referred to collateral matters, from which no rational inference could be drawn as to whether the packages were good or bad.

In its charge to the jury, the Court used the following language:

"If you find that the plaintiffs have substantially complied with the contract, they are entitled to a verdict at your hands."

This was not only erroneous, but tended to confuse and mislead the jury. The kind of performance required was a matter to be determined by the Court. It was a question of law depending upon the construction of the contract; and the effect of the charge was to refer it to the jury. The Court did not inform the jury what was meant by a substantial compliance, but submitted the question to them without any rule for their guidance. In addition to this, the Court erred in its view of the law; a mere substantial compliance was not sufficient.

These objections to the charge are fully supported by the authorities. (*Taylor* v. *Beck*, 13 Ill. 376; 2 Kent's Com., 11 ed., 682; *Oakley* v. *Morton*, 11 N. Y. 25; *Brown* v. *Weber*, 38 N. Y. 187; *Rivers* v. *Baptiste*, 25 Ala., N. S., 382; *McCarren* v. *McNulty*, 7 Gray, 139; *Crane* v. *Roberts*, 5 Greenl. 362; *Ketchum* v. *Wells*, 19 Wis. 25; *Gilman* v. *Hall*, 11 Vt. 510; *Beatson* v. *Schank*, 3 East, 233; *Rylands* v. *Kreitman*, 19 C. B. 319; *Chanter* v. *Hopkins*, 4 M. & W. 398.)

*George & Loughborough* and *McAllister & Bergin*, for Respondents.

The objections made to the questions were that they were irrelevant, incompetent, and immaterial. No special objection was made on behalf of Spreckels, but the objection was interposed generally on behalf of the defendants. They

were relevant and proper questions, calculated to elicit evidence of the most cogent character, bearing directly upon the point in issue. The issue was performance of the contract. Twenty-two thousand dollars were paid as upon the contract performed up to that time. Payment of money upon claim of performance of a contract is assuredly evidence of the strongest character to establish that the contract was performed; and if a reason be assigned at the time for not paying the entire amount due, which does not involve any complaint of non-performance of the contract, it is no less persuasive to show that no such ground of complaint existed, that the contract was performed. To render the evidence admissible, it is not necessary that in and of itself it establishes the fact in controversy. Were such the rule, the means of proof of controverted matters of fact would indeed be limited and meagre. All the law requires is that the evidence tend to prove the issue. If the offered evidence tend to prove the issue, then it is relevant and admissible—its weight or effect is for the jury. (Code Civil Procedure, Secs. 1832, 1960, 1961, 1963, Subd. 27; *People* v. *Scoggins*, 37 Cal. 685–702.)

"Presumptions from a man's conduct operate in the nature of admissions, for as against himself it is to be presumed that a man's actions and representations correspond with the truth." (*Wood* v. *Hubbell*, 6 Seld. 484; 1 Phil. Ev., C. & H. and Edward's Notes, 5 Am. ed., 355, 433; 1 Greenlf., Redf. ed., Sec. 196.)

If there were any failure to perform, it was the duty alike in law and in morals for the appellants to promptly say so. If they were silent upon the subject, the presumption is that they were so because they had no ground to complain. Having failed to speak when they should have spoken, they will not now be heard to complain. The inference is irresistible that the reasons assigned for not paying all the money due were the true reasons, and no others were stated,

because none existed. (*Reed* v. *Randall,* 29 N. Y. 363; *Gregg* v. *Von Phul,* 1 Wall., U. S., 281; *Carman* v. *Pultz,* 21 N. Y. 551; *Smith* v. *Hill,* 22 Barb. 656.)

Voight's refusal to pay on the ground that the packages were bad, would undoubtedly not prove that they were such, nor would his assertion, that they were bad, be competent evidence upon the subject. But in the one case the admissions would be against his interest, and in the other would be in his favor. Counsel assuredly do not forget the settled rule, that while a man cannot make evidence in his favor by his admissions, he can make evidence against himself. Nor is there anything in the fact that Spreckels is guarantor, to prevent application of the established rules of evidence in this case. By his guaranty Spreckels accredited Voight as his representative to act in the premises, and he is bound by his acts and declarations on the subject. (*Benjamin* v. *Hillard,* 23 How. U. S. 154.)

By the COURT :

We are of opinion that the exceptions taken to the evidence of Schultz and Voorman cannot be maintained. The objections were general against their admissibility for any purpose whatever. It is clear enough, that had Voight been the sole defendant in the action, the evidence objected to would have been admissible as against him. If, as to his codefendant Spreckels, a different rule would obtain, by reason of the latter being a guarantor only (a question not necessary to consider), the objection should have been limited accordingly, or an instruction asked upon the point. Nor do we think, on looking into the instructions, that there was error in instructing the jury that, if the plaintiffs had *substantially* complied with the contract, they would be entitled to a verdict, or that the jury were misled by that expression occurring in the instructions given. The case at the

trial was reduced to a single issue as to whether the packages in which the spirits were contained were "good packages," as required by the contract sued upon. The jury were told in substance, that the delivery of packages not sufficient to hold the spirits or which would discolor it so as to render it unmarketable, would not amount to a substantial compliance with the contract upon the part of the plaintiffs; to instruct them in this connection, that a substantial compliance with the contract would entitle the plaintiffs to recover, was only to say that, if the packages delivered were sufficient in these respects, they should find for the plaintiff, and we think that, as thus understood, the case was correctly put to the jury upon the single issue involved at the trial.

Judgment and order affirmed.