[No. 9877. Department One.— June 23, 1885.]

# WM. CAMPE, APPELLANT, v. C. LASSEN ET AL., RESPONDENTS.

JUDGMENT, HOW PLEADED—SUPERIOR COURT—JURISDICTION—PRESUMPTION.— The Superior Court being a court of general jurisdiction, it is not necessary, in pleading a judgment thereof, to aver the facts conferring jurisdiction. They are presumed by law. An allegation that the judgment was recovered in a designated action is sufficient.

PLEADING—FAILURE TO DENY ALLEGATION—ADMISSION—FINDINGS.—The failure to deny a material allegation of a complaint is an admission thereof, and a finding to the contrary is erroneous.

APPEAL from a judgment of the Superior Court of the county of San Mateo, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. J. Castlehun*, for Appellant.

The judgment was sufficiently pleaded. (Code Civ. Proc. § 456; *Home Ins. Co.* v. *Drake*, 43 Ind. 418; 2 Chitty on

Plead. 482; *Lee* v. *Figg,* 37 Cal. 331; *Lander* v. *Beers,* 48 Cal.
546; *McCutcheon* v. *Weston,* 65 Cal. 37.)

*Fox & Kellogg,* for Respondents.

McKEE, J.—This is a suit in equity to set aside a deed made
by the defendant C. Lassen, to his co-defendant, on the ground
that it was made to hinder, delay, and defraud the plaintiff of
his judgment.

At the trial, the plaintiff gave no evidence that he was a judg-
ment creditor of the defendant C. Lassen, and the court found
that he was not, and dismissed the suit. But the complaint con-
tained the following allegations, which were not denied:—

"That on the 19th day of September, 1883, in the Superior
Court of the city and county of San Francisco, State of Cali-
fornia, said plaintiff recovered a judgment against the said
defendant C. Lassen, *alias* N. C. Lassen, for $1,174.34, princi-
pal and interest, and twelve dollars cost of suit, in an action
wherein this plaintiff, and the defendant C. Lassen, *alias* N. C.
Lassen, was named defendant.

"That on the 19th day of September, 1883, said judgment was
entered in the office of the clerk of said Superior Court of the
city and county of San Francisco, State of California, and on
the 15th day of November, 1883, a transcript of said judgment
was filed in the office of the county recorder of San Mateo
County, State of California, the county in which said defendants
lived at the time said action was begun and in which they still
live."

If well pleaded these allegations are admitted to be true; and
we think they sufficiently present an issuable fact of the rendition
of a judgment in favor of the plaintiff and against the defendant
in a court of general jurisdiction.

It is contended, however, that the facts showing the jurisdic-
tion of the court should have been stated. In other words, it
should have been stated that an action had been properly com-
menced to put in motion the jurisdiction of the court over the
subject-matter of the action, and that the court had acquired
jurisdiction of the parties to the action. But the allegation is
broadly that the judgment was recovered in an action pending

between the parties in the Superior Court of the city and county of San Francisco, and the legal presumption is that that court being a court of general jurisdiction, had jurisdiction to render the judgment. In pleading a judgment of a court of general jurisdiction there is, therefore, no necessity for averring the facts which confer jurisdiction; they are presumed by law.

The findings of the court being against the admissions of the pleadings, the judgment appealed from is erroneous.

Judgment reversed and cause remanded for further proceedings.

McKinstry, J., and Sharpstein, J., concurred.