[S. F. No. 2569.   Department One.—December 31, 1902.]

## SAN FRANCISCO AND FRESNO LAND COMPANY et al., Respondents, v. MINNIE T. HARTUNG et al., Appellants.

VAN NESS ORDINANCE—DEED OF LAND CONFIRMED—RECITALS.—A deed to lands confirmed by the Van Ness Ordinance and by the confirmatory act of March 11, 1858, executed in pursuance of the act of March 24, 1870, to expedite the settlement of land titles in the

[1] 87 Am. St. Rep. 98.

city and county of San Francisco, is executed by the mayor as the deed of the municipal corporation, and need not recite the various proceedings required by the act.

ID.—PRIMA FACIE EVIDENCE OF PREREQUISITES—PRESUMPTION NOT OVERCOME.—The deed of the city and county, so executed, is at least *prima facie* evidence of all facts essential to its validity; and grantees claiming thereunder need not prove that the prerequisites of the law had been complied with, or that their case came within the provisions of the act. If the presumption in favor of the deed is not overcome by sufficient evidence, the deed itself is proof of title in the grantees.

ID.—CONNECTION WITH PRIOR GRANT.—It is only persons connecting themselves with the title of the city under a prior grant made by the Van Ness ordinance who are in a condition to object to the regularity of a deed subsequently executed under the act of 1870.

ID.—VESTING OF TITLE UNDER VAN NESS ORDINANCE—EFFECT OF DEED —MUNIMENT OF TITLE BEFORE ACQUIRED.—The Van Ness Ordinance purported to be a grant *in præsenti* by the city of San Francisco of its pueblo lands to the persons therein described; and the effect of the ordinance and of the acts of confirmation by the state and United States was to vest title to the lands in those persons as of the date of the ordinance. A deed executed under the act of March 24, 1870, cannot divest any title previously vested, but is only a muniment of title to persons who have acquired title under the ordinance.

ID.—ACTION TO QUIET TITLE—ADVERSE POSSESSION—STATUTE OF LIMITATIONS—FINDINGS BASED UPON ANSWER.—In an action to quiet title brought by the grantees of a deed for lands claimed under the Van Ness Ordinance, where no other title was claimed than by adverse possession, under the statute of limitations, a finding that plaintiffs' cause of action is not barred by the provisions of either of the sections specified in the answer, sufficiently includes a finding in effect that the defendants or their predecessors were not in adverse possession for any period of five years, and that plaintiffs or their predecessors were in possession within five years next preceding the commencement of the suit.

ID.—REPEAL OF SPECIAL STATUTE.—The special statute of limitations of date March 5, 1864, in relation to suits on titles acquired under the Van Ness Ordinance, must be regarded as repealed by the adoption of the codes, in so far as it may be deemed to prescribe a different rule.

ID.—APPOINTMENT OF EXECUTORS—PLEADING—CONSTRUCTION OF CODE —PRESUMPTION OF JURISDICTION.—The jurisdiction of the superior court to appoint executors of the will of a deceased person is presumed, and need not be pleaded in conformity with section 456 of the Code of Civil Procedure, which applies only to courts of special jurisdiction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion.

Jones & O'Donnell, and Sullivan & Sullivan, for Appellants.

Wilson & Wilson, and James M. Allen, for Respondents.

SMITH, C.—This is a suit to quiet plaintiff's title to the land described in the complaint and to recover its possession. The plaintiffs had judgment, from which and from an order denying their motion for a new trial the defendants appeal. The points urged by appellants' counsel are, in effect,—1. Error in admitting in evidence a deed of conveyance, of date June 18, 1898, from the city and county of San Francisco to the plaintiffs; 2. Insufficiency of the evidence to justify the finding of title in the plaintiffs; 3. Insufficiency of the findings on the issue of defendants' adverse possession, and their plea of the statute of limitations; and 4. Insufficiency of the complaint.

1. The deed in question purports to have been made in pursuance of an award of the board of supervisors, of date March 7, 1898, upon the petition of the plaintiffs, and proceedings thereon had, under the provisions of the act of March 24, 1870 (erroneously appearing in Stats. 1869-1870, p. 353, as of date March 14th,) entitled "An act to expedite the settlement of land titles in the city and county of San Francisco," etc.,—the land conveyed being the rectangular block of land known as Potrero Nuevo Block 170, bounded south and north by Fifteenth and Alameda streets, and west and east by De Haro and Carolina streets, with exception of part of the land lying to the northeast of Eighth Street which runs southeasterly through the northern part of the block. The land in controversy, described by the same name, is the part of the block lying to the south or southwest of Eighth Street.

The claims provided for by the act referred to are of two classes,—the one, of lands outside the limits of the city, as defined by the act of reincorporation of April 15, 1851; the

CXXXVIII. Cal.—15

other (which includes the land in question), of lands within those limits. Of the latter class, the provisions of the act apply only to claimants who were in possession of lands from, on, or before the first day of January, 1855, to and including the twentieth day of June, 1855,—that is to say, whose claims had been confirmed by the Van Ness Ordinance and confirmatory act of the legislature of March 11, 1858, (Stats. 1858, p. 52,)—and still in possession at the time of the filing of their respective petitions. The act provides for the filing of a petition by the claimant and for an investigation of the claim by the "committee on outside lands," and directs that, upon the filing of their report, "the board of supervisors, . . . if in their judgment the claim of the petitioner is well founded, . . . shall, by an order entered in their minutes, adjudge and award a grant of such lands to the petitioner," etc., and "shall thereupon give public notice of their award by notice, published at least once a week for three successive weeks in some daily newspaper published in the city and county of San Francisco, which notice shall specify the name of the applicant, the date and filing of his petition, and the tract of land awarded, by good and sufficient description thereof," etc. It is further provided that "upon receiving proof of the publication of the notice provided for, etc., . . . the mayor of the city and county of San Francisco is hereby authorized and empowered to execute, acknowledge, and deliver to the [petitioner or petitioners] a deed of conveyance of the tract or lot of land as aforesaid adjudged and awarded to the petitioner, and attach thereto the corporate seal of the city and county of San Francisco," etc.

The recitals in the deed are as follows:—

"Whereas, upon a petition duly verified, presented by the said parties of the second part to the board of supervisors of the said city and county, filed February 24, 1898, numbered 2884, such proceedings were had under and by virtue of an act of the legislature of the State of California, entitled 'An act to expedite the settlement of land titles in the city and county of San Francisco,' etc., approved the twenty-fourth day of March, A. D. 1870, that afterwards the said board of supervisors, by an order entered in their minutes on the seventh day of March, A. D. 1898, did award a grant to the lands hereinafter described to the parties of the second part.

"And whereas due publication was made of such award, under the provisions of section two of said act, during a period of three weeks since the date of said award, and before the date of these presents, and no notice of any adverse claims has hitherto been filed according to the provisions of section three of said act: Now, therefore, this indenture witnesseth," etc.

The principal objections to the admissibility of the deed are, that it fails to recite the various proceedings required by the act, and that no proof was offered to show that these had been regularly taken, or that the plaintiffs' claim came within the provisions of the act. But neither of these objections can be regarded as tenable.

As to the former, the recitals would seem to us sufficient, under any view that could be taken of the law. But, as we understand the act, the mayor is not authorized to make his own deed, but merely to execute the deed of the corporation. The deed is therefore to be regarded not as that of an officer under a power to convey, and therefore required to recite his authority, but as the deed of the municipal corporation itself; and hence no recitals were necessary. (1 Devlin on Deeds, sec. 343 et seq.; *Swartz* v. *Page*, 13 Mo. 603, 604, 610-611; *Jamison* v. *Fopiana*, 43 Mo. 567-568.[1])

Nor was it necessary for the plaintiffs to prove that the prerequisites of the law had been complied with, or that their case came within the provisions of the act. The deed itself was at least *prima facie* evidence of all facts essential to its validity. (*Gordon* v. *City of San Diego*, 101 Cal. 522;[2] *Wells* v. *Pressy*, 105 Mo. 179, and cases *supra;* Code Civ. Proc., sec. 1963, subd. 15; *Galvin* v. *Palmer*, 113 Cal. 53.) Being *prima facie* evidence of the facts recited in it, it was admissible in evidence. It was indeed still open for the defendants to show that no title passed thereby by reason of the fact that under the Van Ness Ordinance it had previously passed to some other person, and that the defendants had succeeded to the title of such person; but unless they connected themselves with the title of the city, or showed that they, or the persons under whom they claim, had become vested with the city's title before the date of the deed, they are

---

[1] 97 Am. Dec. 414.                    [2] 40 Am. St. Rep. 73.

not in a condition to object to the regularity of the deed to the plaintiff. (*LeRoy* v. *Cunningham,* 44 Cal. 599; *Dupond* v. *Barstow,* 45 Cal. 446; *McCreery* v. *Sawyer,* 52 Cal. 257.)

The Van Ness Ordinance purported to be a grant *in præsenti* by the city of San Francisco of all its right and claim to the lands within the corporate limits of the city to the persons therein described, and the effect of the ordinance was, by virtue of the acts of confirmation on the part of the state and of the United States, to vest the title to the lands in those persons as of the date of the ordinance. Being a legislative grant, the title passed without the necessity of any further conveyance, in which respect it differs from the provisions in reference to the outside lands which were released by the act of Congress of March 8, 1866. (See *Baker* v. *Brickell,* 87 Cal. 329.) The effect of a deed under the act of March 24, 1870, of lands covered by this ordinance is, by the terms of the act, merely an acknowledgment on the part of the city that the title to the land therein described has passed under and by virtue of the ordinance and the acts ratifying the same, and as a release to the party therein named of all the interest, present and future, of the city and county in and to such lands. It does not, however, create in such grantee a title paramount or adverse to that which passed by the ordinance. The legislature could not divest titles already vested, but it could provide for the issue of appropriate muniments of title, which is all, indeed, that the act purports to do. If the grantee named in a deed made under the act is one of the persons named in the ordinance, it may operate as additional evidence of his title; though, if not, it cannot operate to divest the title that had already been transferred from the city by the ordinance.

2. We are also of the opinion that the finding of title in the plaintiff when the suit was commenced is sustained by the evidence. The deed was *prima facie* evidence of all the facts necessary to give it effect as the deed of the grantor, and no evidence was introduced to overcome this presumption. It follows, therefore,—the grantor being originally the owner of the land,—that the deed, in the absence of an affirmative showing of a prior grant to defendants or their predecessors in title (of which there was none), established the title of

the plaintiffs, and entitled them, unless barred by the statute, to recover.  (*Jamison* v. *Fopiana*, 43 Mo. 568.[1])

3. We think also that the findings on the issue of the statute, and of the alleged adverse possession by defendants, were sufficient.  In the original answer it is pleaded, in effect, that the defendant Minnie Hartung has been, by herself or predecessors, ever since the year 1868, and now is, in the adverse possession of the land in question, and that plaintiffs' cause of action is barred by the provisions of section 319 of the Code of Civil Procedure; and in an amendment to the answer it is further pleaded that plaintiffs' cause of action is barred by the provisions of section 318 of the Code of Civil Procedure, and that neither the plaintiffs nor their ancestors, predecessors, or grantors have been in the actual or any possession of the premises in question within five years next preceding the commencement of the action.  The findings of the court are, that the plaintiffs' cause of action is not barred by the provisions of section 319 of the Code of Civil Procedure nor by those of section 318; and, in effect, that the defendant Minnie Hartung has not been continuously, either by herself or her predecessors, in adverse possession of the land in question ever since the year 1868, or for five years before the commencement of this action.  The specific objections to these findings are,—1. That there is no finding as to the alleged adverse possession of defendant named or her predecessors during the period between the year 1868 and the beginning of the period of five years before the commencement of the suit; and 2. That there is no finding that plaintiffs or predecessors were in actual possession within the latter period.  But we think both points are disposed of by the finding that the plaintiffs' cause of action is not barred by the provisions of section 318, nor by those of section 319, of the Code of Civil Procedure.  As to the former point, the finding is in effect that the defendant or predecessors were not in adverse possession of the land in question for any period of five years before the commencement of the suit.  (*Cannon* v. *Stockmon*, 36 Cal. 540.[2])  As to the latter, it is, in effect, that plaintiffs or their predecessors were in possession within the five years next preceding the commencement of the suit.  (Code Civ. Proc., sec. 321.)

[1] 97 Am. Dec. 414.          [2] 95 Am. Dec. 205.

On the last point, however, we are cited to a special statute of limitations (of date March 5, 1864), providing, in effect, that no suit on titles acquired under the Van Ness Ordinance and confirmatory statutes can be maintained, unless plaintiff or predecessor "shall have had actual possession of the land in dispute within five years next before the commencement of such action." But this provision, if (as is doubtful) it can be held to establish a different rule from that prescribed by the general statute (Hitt. Gen. Laws, par. 3348, sec. 6, to par. 4351, sec. 9, corresponding to secs. 318, 319, 321, Code Civ. Proc.), must be regarded as repealed by the adoption of the codes. (*State* v. *Conkling,* 19 Cal. 501; *Hanley* v. *Sixteen Horses, etc.,* 97 Cal. 182; *Mack* v. *Jastro,* 126 Cal. 133.)

4. The remaining objection of appellants is, that "there is no allegation of the representative capacity of plaintiffs [Ryland] as executors," etc. But we think the allegations sufficient. Section 456 of the Code of Civil Procedure, providing the manner in which judgments must be pleaded, applies only to courts of special jurisdiction. (*Campe* v. *Lassen,* 67 Cal. 139; *Weller* v. *Dickinson,* 93 Cal. 110; *Clark* v. *Nordholt,* 121 Cal. 26.) The case of *Judah* v. *Fredericks,* 57 Cal. 389, cited by appellants, had reference to an order of the probate court under the old constitution, and was decided on the authority of *Young* v. *Wright,* 52 Cal. 410, where the judgment pleaded was that of a justice's court. The rule has no application to judgments or orders of the superior court, whose jurisdiction is presumed. (*Collins* v. *O'Laverty,* 136 Cal. 31.)

We advise that the judgment and order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.