[Civ. No. 3298. First Appellate District, Division One.—June 9, 1920.]

BILL LAMPTON, a Minor, etc., Respondent, v. DAVIS STANDARD BREAD COMPANY (a Corporation), et al., Appellants.

W. W. LAMPTON, Respondent, v. DAVIS STANDARD BREAD COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—DUTY OF DRIVER OF VEHICLE.—The driver of a vehicle must proceed carefully, and be on the alert lest he collide with others.

[2] ID.—DRIVING OF VEHICLE NEAR SCHOOL—CARE REQUIRED.—Where a vehicle is being driven in close proximity to a school at an hour at which children might, with certainty, be expected to be using the street, there is imposed upon the driver a greater degree of caution than he would be required to use under ordinary circumstances.

[3] ID.—INJURY TO BOY — ACTION FOR DAMAGES — STATEMENTS OF DRIVER FOLLOWING ACCIDENT—EVIDENCE—ADMISSIONS.—In an action against a bread company and the driver of one of its delivery wagons for damages for personal injuries to a boy who was run into and knocked down while on his way to school, evidence of conversations had with such driver shortly after the accident to the effect that a certain customer had called to him and he looked around to answer her question and while he was looking around he ran over the boy, and that he did not see the boy, is admissible against such defendant, being declarations and admissions concerning the happening for which he was responsible.

[4] ID.—DETRIMENTAL EFFECT OF STATEMENTS ON OTHER DEFENDANT—EXCLUSION OF EVIDENCE.—While such statements of the defendant driver, made shortly after the accident, giving his version as to how the accident happened, were not binding upon his codefendant, his employer, the court could not properly exclude them for that reason. Evidence properly admissible upon the issue presented cannot be excluded because it may have ulterior or collateral effects detrimental to one of the parties.

[5] ID.—SUGGESTION OF WILLINGNESS TO DISMISS AS TO DRIVER—REFUSAL OF COURT TO RULE ON—ABSENCE OF ERROR.—In an action against a bread company and the driver of one of its delivery wagons for damages for personal injuries to a boy who was run into and knocked down while on his way to school, refusal of the court to rule on a suggestion of counsel for plaintiff, made in the course of counsel's argument, of a willingness to dismiss the action

as to the defendant driver does not constitute prejudicial error justifying a reversal of the judgment against the defendants, where the latter did not take advantage of the incident at the time, either by filing their written consent to the dismissal or by insisting upon an order of court and entry in the minutes.

[6] ID.—ACTION BY GUARDIAN — APPOINTMENT AND QUALIFICATION — PLEADING AND PROOF.—In an action by a minor, by his guardian, for damages for personal injuries, an allegation that the person by whom the suit is brought "is the duly appointed, qualified, and acting guardian of the person and estate of said minor" is a sufficient averment of the official capacity of the guardian in the absence of a special demurrer, and if admitted in the answer has the effect of a stipulation of the fact, which renders the allegation of more specific facts unnecessary.

[7] ID.—DENIAL FOR LACK OF INFORMATION AND BELIEF—PUBLIC RECORD—INSUFFICIENT PLEADING.—The denial, for lack of information and belief, of the allegation that the person bringing the action "is the duly appointed, qualified, and acting guardian of the person and estate of said minor," is insufficient, the appointment of the guardian being a matter of public record.

APPEALS from judgments of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw and E. R. Young for Appellants.

Newlin & Ashburn and J. W. McKinley for Respondents.

WASTE, P. J.—The above-entitled cases were tried together before a jury. One is a suit against both defendants, for damages for personal injuries received by the plaintiff Bill Lampton, who sues by his general guardian, W. W. Lampton. The other is a suit by the father against the Bread Company alone, to recover money for doctor's bills, hospital expenses, and other expenditures, due to the injury.

The accident occurred while the plaintiff, aged seven years, was on his way to the public school located at the corner of Tenth and Valencia Streets, in Los Angeles, a portion of the grounds running through to Grattan Street, upon which the accident happened. Plaintiff was proceeding northerly on the west side of that street, and in crossing

the roadway was struck by a wagon, belonging to the defendant Davis Standard Bread Company, driven by the defendant Harry Graham. At the time the accident occurred Graham was driving at a trot, at about eight miles an hour, but was not looking ahead. The plaintiff was knocked down and seriously injured. One of the horses stepped on his head, breaking the skull, from which pieces of the bone had to be removed. The jury returned a verdict for plaintiff for $8,000, in the suit by the minor, and for $597.75 in the suit by the father. The defendants moved for new trials, which were denied, and then appealed, it being stipulated that both cases may be heard and determined by this court on the same record.

Appellants contend that the evidence does not establish negligence on the part of either of the defendants. The defendant Harry Graham, an employee of the other defendant, the Bread Company, was engaged in his usual vocation of delivering bread at the time of the accident. He had passed over this particular route twice daily for seven months and was familiar with the fact that there was an obstruction at this particular place which would render it impossible for him to see a person who was about to step from the sidewalk into the street. He was also aware of the fact that, at that particular time of the day, the children from the near-by school were at their noon recess, and were apt to be in and about the spot where the accident occurred. At the time, so he testified in his deposition, which will be referred to later, he was not looking ahead; but was looking to the right of the wagon, intending to stop and inquire as to the wants of a customer who had called to him. He did not see the boy until one of his horses had knocked him down and stepped on his head. When asked why he did not see the boy he testified: "It was not my habit to notice people on the sidewalk, and immediately before the accident three poles at the side may have obstructed any view that I might have had of him."
[1] The driver of a vehicle must proceed carefully, and be on the alert lest he collide with others. (*Bauhofer* v. *Crawford*, 16 Cal. App. 676, 678, [117 Pac. 931]; *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604, 610, [93 Pac. 677]; *Wistrom* v. *Redlick Bros., Inc.*, 6 Cal. App. 671, 673, [92 Pac. 1048].) [2] The proximity of the place

where Graham was driving to the adjacent school grounds, and the hour, at which children might, with certainty, be expected to be using the street, imposed upon him a greater degree of caution than he might be required to use under ordinary circumstances. That which would be but ordinary negligence in reference to a grown person may be gross negligence as respects a child. (*Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 447, 454.) The jury was instructed with particularity on the law applying to the facts surrounding the accident. The court used rather more than usual care in the matter, and we are satisfied that the verdict accords with the law and the evidence.

When the case came on for trial the defendant Graham was a soldier with the overseas forces in France. In anticipation of this fact the defendants, on stipulation of the parties, procured his deposition as to the accident and the manner in which it occurred. With the consent of the defendants, the plaintiff offered and read in evidence Graham's testimony taken in that manner. A part of his statement of the occurrence has already been quoted in substance, or in the exact language used. [3] Appellants now complain of the action of the trial court in admitting the testimony of two witnesses, who related certain conversations had with defendant Graham, shortly after the accident, to the effect that "Mrs. Bergman [a customer] had called to him and he looked around to answer her question, and while he was looking around he ran over the child, and that was how it happened. He did not see the boy." The conversations were not part of the *res gestae* and were not admissible on that theory. They were relevant and admissible as evidence against the defendant Graham, being declarations and admissions concerning the happening for which he was responsible. (Code Civ. Proc., sec. 1870, subd. 2; *Roche* v. *Llewellyn Iron Works Co.*, 140 Cal. 563, 574, [74 Pac. 147].) Furthermore, the statements made by Graham, in the conversations with the two witnesses, were almost word for word the same statements he made when giving his deposition in explanation of how the accident occurred.

[4] While the statements made by Graham in these conversations were not in the least binding upon the defendant Bread Company, the court could not properly ex-

clude them for that reason. It is a well-established rule that if evidence is properly admissible upon the issue presented it cannot be excluded because it may have ulterior or collateral effects detrimental to one of the parties. (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 562, [147 Pac. 238]; *Keyes* v. *Geary St. etc. R. R. Co.*, 152 Cal. 437, 441, [93 Pac. 88].) In the last case noted certain statements of the gripman, following the accident, were admitted for the purpose of impeaching his testimony given at the trial. The court held that as the statements were properly admitted for that purpose, they could not be excluded because they also tended to show negligence on the part of the defendant, his employer. The exact question now raised in this case was well considered in that decision. See, also, *Voorman* v. *Voight*, 46 Cal. 392, 397, to the effect that evidence inadmissible against one defendant may be received in the action against another party. The appellant does not appear to have made any effort to have the trial court limit the effect of the declarations made by Graham, as it would no doubt have done, by proper instructions, if so requested. No error resulted from admitting these statements in evidence.

There was attached to the deposition of defendant Graham a photographic copy of the detailed statement made by him at the police station after the accident. Over the objection of the defendant Bread Company it was admitted in evidence. Graham identified this statement in his deposition and testified to its veracity and to the genuineness of the writing and his signature thereto. For the same reasons that the conversations already alluded to are admissible, this statement was properly submitted to the jury.

[5] During the course of the argument of plaintiff's counsel, he remarked: "Just to show that we are willing to do the right thing, we will dismiss the case, with your Honor's permission, against the defendant, Harry Graham, at this time." The court refused to rule on the suggestion at that time, and after the jury had retired, again declined to do so, giving no reason for not so doing. Appellants did not join in and took absolutely no part in this proceeding. The record contains no evidence that any dismissal of the action was ever entered. Appellants now ask a reversal of both judgments, claiming prejudicial error

in the court's action in refusing to pass on the alleged
motion to dismiss the damage case against defendant Gra-
ham, but cite neither law nor authority in support of their
proposition. We see no ground for appellants' contention.
The dismissal, if there was one, was not had "upon the
written consent" of the defendant, as required by section
581, subdivision 2, of the Code of Civil Procedure. Under
that provision it was ineffectual. If it be contended that
the dismissal was attempted under subdivision 4 of said
section 581, which provides that an action may be dismissed
by the court, when upon the trial and before the final
submission of the case the plaintiff abandons it, the dis-
missal was ineffective for any purpose until made by order
of the court and entered upon the minutes. The proposal
may have come from the respondent's counsel in such
manner, and under circumstances as not to amount to an
abandonment of the case as to Graham. It is possible, and
quite probable, as suggested by appellants in their brief,
that the purported dismissal was staged "for the purpose
of influencing the jury." Had the defendants been vigi-
lant in seizing the opportunity then presented to profit
by the tentative advantage offered by the incident, they
should have promptly filed their written consent to the
dismissal, in the one instance, or have insisted upon an
order of court and entry in the minutes, in the other. Not
having pursued their ostensible advantage, and having re-
mained silent until the opportunity offered was swept away
by an adverse verdict and judgment, appellants are not in
position to complain. They were not given an exception
to the court's refusal to pass upon the motion, by section
647 of the Code of Civil Procedure, as claimed by them,
and to which action, so far as the record discloses, they gave
their consent.

[6] Appellants make the final objection that the plaintiff
totally failed to prove the appointment and qualification of
the guardian of the minor. There is no testimony as to
the fact. The allegation of the complaint is "that W. W.
Lampton is the duly appointed, qualified and acting guard-
ian of the person and estate of said minor." This was a
sufficient averment of the official capacity of the guardian
in the absence of a special demurrer, and if admitted in
the answer had the effect of a stipulation of the fact,

which rendered the allegation of more specific facts unnecessary. (*Collins* v. *O'Laverty,* 136 Cal. 31, 33, [68 Pac. 327]; *San Francisco etc. Land Co.* v. *Hartung,* 138 Cal. 223, 230, [71 Pac. 337].) The defendants denied the appointment and qualification of the guardian *for lack of information and belief.* [7] Assuming that they thereby placed their denial "upon that ground," as required by section 437 of the Code of Civil Procedure, such a denial was insufficient, and the appointment of the guardian, being a matter of public record, was not put in issue, but stands admitted. (*Mulcahy* v. *Buckley,* 100 Cal. 484, 487, [35 Pac. 144]; *Mullally* v. *Townsend,* 119 Cal. 47, 54, [50 Pac. 1066]; *Mendocino County* v. *Peters,* 2 Cal. App. 24, 28, [82 Pac. 1122].)

Each of the judgments appealed from is affirmed.

Richards, J., and Knight, J., *pro tem.,* concurred.