PARK BROTHERS & COMPANY, Limited, v. EDMUND T. SYKES and Others.[1]

January 12, 1897.

Nos. 10,227—(188).

Village—Contractor's Bond—Validity.

> The village of St. James is not expressly authorized by law to take a bond for the security or benefit of third persons. Therefore, *held*, that a bond voluntarily executed for such purpose is void.

Appeal by defendant Brooks from an order of the district court for Hennepin county, Smith, J., overruling a demurrer to the complaint. Reversed.

*William W. Bartlett*, for appellant.

*Ashley Coffman*, *J. M. Hawthorne*, and *Lloyd Peabody*, for respondents.

BUCK, J. The village of St. James, containing less than 3,000 inhabitants, contracted with the defendant Sykes to erect a waterworks and electric lighting plant in said village. A bond for the faithful performance of said contract was given by Sykes to said village, with Jabez Brooks and John R. Hazelet as sureties. One of the conditions in said bond is that Sykes should pay for all labor and materials employed in the construction of said waterworks.

[1] Reported in 69 N. W. 712.

The plaintiffs allege that they furnished and delivered to Sykes certain material on credit for the purpose of the erection and completion of said waterworks, and that the same were used for that purpose, and were of the value of $1,049, which Sykes agreed to pay, but neglected to do so; and that there is now due and unpaid from said village to said Sykes upon said contract the sum of $1,049. Plaintiffs also allege that they so furnished said material relying upon said bond. To this complaint one of the defendants, Jabez Brooks, interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and the defendant brings this appeal.

It is contended by the defendant that the village of St. James did not have the right or power to take the bond in question for the use or benefit of the plaintiffs, and the case of Breen v. Kelly, 45 Minn. 352, 47 N. W. 1067, is cited in support of this contention.

We are of the opinion that this contention is well founded, and that the latter case controls the one at bar. There is no direct authority from the legislature conferring the power upon villages of less than 3,000 inhabitants to take security for the benefit of third persons, even where the contract provides that work done or material furnished shall be for the benefit of the village itself. Nor does there exist any implied authority upon the part of the village of St. James to take such security. Its power or capacity in this respect is no greater than that of a county, and, as we hold that the case of Breen v. Kelly controls this one, an extended discussion of it is unnecessary.

Order reversed.


START, C. J. I dissent. The doctrine of Breen v. Kelly ought not to be extended, for it is on principle wrong. The powers, express and implied, of municipal corporations proper, such as villages organized under the general laws of this state, are more extensive than those of quasi municipal corporations, such as counties.

Conceding, in deference to the doctrine of stare decisis, that the latter have no power to incorporate in a bond to secure the performance of public work a condition for payment by the contractor

of all labor and materials entering into the work, still it does not follow that the former, by reason of their larger powers, may not have such implied power. Both principle and authority justify the conclusion that villages have such implied power.

It is conceded that they have express power to enter into a contract for public improvements and implied power to take a bond to secure the performance of the contract. But the payment by the contractor for the materials and labor entering into the execution of the contract is a matter in which the village has a direct interest, because such payment tends to secure a prompt and honest execution of the contract by avoiding strikes and the withholding of materials by material men; hence the village has the implied power to take a bond, not only to secure the performance of the contract, but, as a further means of protecting public interests and speeding the work, to include in such bond a condition for the payment of the labor and materials. Certainly a municipal corporation proper has the implied power to be honest; and to so secure, if it so elects, the performance of its contracts for public improvements as to make it certain that what it receives and must retain will be paid for. Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162; Baker v. Bryan, 64 Iowa, 561, 21 N. W. 83; Sample v. Hale, 34 Neb. 220, 51 N. W. 837; Fitzgerald v. McClay, 47 Neb. 816, 66 N. W. 828.