E. EIDSVIK and Another v. JOHN B. FOLEY and Others.[1]

December 14, 1906.

Nos. 14,933—(80).

**Contractor's Bond.**

Action on a ditch contractor's bond given pursuant to Laws 1902, p. 99, c. 38, § 10. *Held*, that the bond purports to indemnify all persons who may be damaged as a direct result of the contractor's failure to construct the ditch in the manner required by his contract; that the bond so construed was authorized by the statute; and that the complaint states facts constituting a cause of action.

Appeals by defendants from orders of the district court for Polk county, Watts, J., overruling their demurrers to the complaint. Affirmed.

*Harris Richardson, Harold C. Kerr,* and *A. A. Miller,* for appellants.
*Charles Loring,* for respondents.

START, C. J.

Appeals from orders of the district court of the county of Polk overruling the defendants' demurrers to the complaint in an action on a ditch contractor's bond.

The board of county commissioners of the county of Polk established and ordered to be constructed a public ditch, and on August 7, 1903, let the contract for the execution of the work and its completion on or before July 1, 1904, to the defendant John B. Foley. The report of the engineer upon which the ditch was established and his plans, specifications, and directions therein contained were made a part of the contract. The contractor agreed to construct the ditch in the time and in the manner set forth in the engineer's report, to be subject at all times during the progress of the work to the direction of the board and the engineer as to the mode of doing the same, to conform in all respects to the directions of the engineer or board relative to the work, to progress with the same at such time or times in such manner at such particular parts of the line as the engineer might direct, to commence the work at such points as the engineer in charge might direct, to con-

[1] Reported in 109 N. W. 993.

form to his directions as to the order of time in which different parts of the work should be done and to further construct and to finish the ditch in the most substantial and workmanlike manner.

The contractor gave a bond to secure the faithful performance of his contract in which he was principal and his codefendants sureties. The condition of the bond was this:

> If the said John B. Foley shall and will faithfully perform and fulfill his said contract and pay all damages which may accrue by reason of the failure to complete the said job and contract within the time and in the manner required in said contract therefor, then the above obligation to be void, otherwise to remain in full force and virtue; and that in case of failure to construct said work according to the terms of said contract, the bondsmen thereon shall be liable for all damages resulting from such failure, whether the work be resold or not, and that any person showing himself injured by such failure may maintain an action upon this bond in his own name; and that actions herein shall be successive in favor of all persons so injured.

The complaint alleges that the plaintiffs were and are the owners of the land described therein, which is a cultivated farm, and the execution of the contract for the construction of the ditch by the contractor and the execution of the bond by him and his codefendants; that the contractor, late in the summer of 1903, negligently commenced the excavation of the ditch at the upper end thereof, and did negligently, unnecessarily, and contrary to the instructions of the engineer in charge of the ditch expressly given in this respect, cease work on the ditch in the fall of 1903, and left it wholly unconstructed as to the lower part thereof and without any outlet whatsoever for the waters carried by it; and further, that, by reason thereof, the surface water was, in the spring of 1904, gathered into the ditch, and by it carried to and cast upon the plaintiff's farm whereby it was completely overflowed and rendered unfit for cultivation or the raising of crops of any kind during the year 1904, to the plaintiff's damage in the sum of $1,000.

The defendants claim that this suit on the bond will not lie for the reasons that: "First, because the bond does not cover the alleged negligence; second, because the county alone could bring suit upon it if

it did; and, third, because, if it does, it is not a statutory bond, and to enable third persons to bring suit upon a bond given to a county it must be a statutory bond."

1. In support of the first proposition the defendants urge, in effect, that the bond was only intended to secure the completion of the work according to the plans and specifications, and the payment of all claims for labor and materials that entered into the construction of the ditch; that the complaint does not allege that the contractor failed to complete the work according to the contract; on the contrary, it only alleges that he was negligent in the fall of 1903 in not providing an outlet for the surface water coming into the ditch the next spring; and further, that the complaint does not show that the plaintiffs were injured by the contractor's failure to complete the work.

The plans and specifications for the work, the contract, and bond must be construed together, for the plans and specifications are a part of the contract, and the bond secures the performance of the contract. Therefore, the intention of the parties to the bond and the obligations assumed by the makers thereof are to be ascertained by a fair construction of all the provisions of the bond with reference to the purposes to be subserved by its execution. So construing them, it is clear that the object of the bond was not simply to secure the performance of the contract in accordance with the plans and specifications, but further, to furnish indemnity for those who might be injured by a failure of the contractor to construct the ditch in the manner provided by the contract, that is, in "the most substantial and workmanlike manner," and in such manner and at such particular points of the line of such work as the engineer directed, and to conform to his directions as to the order of time in which the different parts of the work should be done. One of the express conditions of the bond is that the work shall be done in the manner required by the contract. This secures the performance of all the stipulations of the contract including those we have specifically indicated. Jordan v. Kavanaugh, 63 Iowa, 152, 18 N. W. 851.

In this connection counsel for defendants suggest that, by the terms of the contract, the contractor, in the progress of the work, was subject to the direction of the board of county commissioners and the engineer as to the manner of doing the work, and that the complaint fails

to allege that any such directions were ever given by the board and the engineer; hence it does not allege any failure by the contractor to perform the contract in this respect, for the reason that he was only bound to comply with directions which were given as the result of the united action of the board and the engineer. Benson v. Miller, 56 Minn. 410, 57 N. W. 943. There is an apparent inconsistency in the terms of the contract in this respect, but, when they are all read and construed together it is clear that the directions of the engineer as to the manner of executing the work were to be observed. Were it otherwise, it would seem to be an unreasonable construction of the contract to hold, in effect, that, whenever directions as to the manner of the work were to be given, a special meeting of the board of county commissioners must be called.

Construing the allegations of the complaint liberally, they show that the contractor did not comply with his contract as to the manner of executing the work, and that his negligent failure so to do and his commencing the work at the upper end of the proposed ditch, leaving the lower end of the part constructed without any outlet, contrary to the directions of the engineer expressly given, was the proximate cause of the plaintiffs' farm being flooded and damaged.

2. The defendants, in support of their second objection to the complaint, urge that the county was not liable to the plaintiffs for the negligence of the contractor because it was not its negligence; that the plaintiffs have no cause of action against the county, and consequently have no cause of action on the bond. Such would be the case if the bond is not a statutory bond, for it does not, by its terms, provide for indemnity for those who are damaged as a direct result of a failure of the contractor to construct the ditch in the manner required by the contract. That the bond does purport to give such indemnity, we have determined, and, if it be a statutory bond, it follows that the complaint states a cause of action.

3. This brings us to the last contention of the defendants which is that, if the bond can be construed to cover the plaintiffs' alleged cause of action, it is not, in that particular, a statutory bond for the reason that the county was not authorized to take such a bond.

The claim must be conceded if the statute did not authorize the county to take such a bond. Breen v. Kelly, 45 Minn. 352, 47 N. W. 1067;

Park Bros. & Co. v. Sykes, 67 Minn. 153, 69 N. W. 712. Whatever doubt there may have been as to this question under the original provisions of the ditch law, section 17, c. 258, p. 423, Laws 1901, it was set at rest by Laws 1902, p. 99, c. 38, § 10, which authorizes and requires a bond from the contractor, not only for the use and benefit of the county, but also for the use of all persons who may show themselves injured by a breach thereof or of the contract, conditioned that the contractor shall faithfully perform his contract and pay all damages which may accrue by reason of the failure to complete the work in the manner and within the time required in the contract, and otherwise conditioned as in the act provided. We hold that the bond as we have construed it was authorized by the statute, and that the complaint states a cause of action.

Order affirmed.