# FARMERS SUPPLY COMPANY v. ALBERT WEIS.[1]

October 20, 1911.

Nos. 17,241—(49).

**Parol evidence.**

It is not necessary that an alleged contract of suretyship should appear upon the face of a promissory note, as it is collateral to the contract, and may be proved by parol as between the makers thereof and the payee if he have notice of their relation to each other.

**Extension of note — release of surety.**

Evidence considered, and *held* to be sufficient to sustain the verdict to the effect that the payee extended the time of payment of the promissory notes, which are the subject-matter of this action, without defendant's consent.

Action in the district court for Wilkin county to recover $759.43 upon certain promissory notes. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Dan R. Jones* and *Lewis E. Jones,* for appellant.

*Forbes & Thorpe,* for respondent.

1Reported in 132 N. W. 917.

---

[Note]   Effect under negotiable instrument law of extension of time to principal to release a surety or guarantor, see note in 31 L.R.A.(N.S.) 149.

PER CURIAM.

Action to recover the amount due upon two promissory notes signed by one Maurer and the respondent herein. The defense of the respondent, here material, was to the effect that he executed the notes as the surety of Maurer, that the payee, having notice of such fact, extended the time of payment of the notes without the respondent's consent. Verdict for the defendant, and the plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The plaintiff assigns several alleged errors, but its main contention is that there was no evidence to show any contract for the extension of the time for the payment of the notes without the consent of the defendant or otherwise. This is obvious from the concession of counsel in their brief. "Whether defendant was or was not a mere surety is in fact immaterial upon the argument under this head, or that plaintiff was chargeable therewith. If the evidence was properly admitted, * * * · then the jury has settled that phase of the matter, and we concede that * *. * its finding is justified by the evidence." The evidence was properly admitted. It is not necessary that an alleged contract of suretyship should appear upon the face of a promissory note, as it is collateral to the contract, and may be proved by parol as between the makers and against the payee if he have notice of their relation to each other. Kaufman v. Barbour, 98 Minn. 158, 107 N. W. 1128.

It is claimed by the plaintiff that all the evidence tending to show any extension of the time of payment was stricken out by the court on its motion, which was to strike out "all the evidence of the witness Weis with reference to the alleged agreement made by him and the plaintiff as to releasing the defendant from his liability on" the notes. The motion was granted, but the record shows that the motion was limited to evidence of a release by express agreement, and was so conceded to be by plaintiff's counsel, and so understood by the court. Exclusive of the evidence relating to an express agreement to release the defendant, the evidence was sufficient to sustain a finding by the jury that the time of payment of the notes was extended

without the defendant's consent. We find no reversible error in the record.

Order affirmed.