## RAND KARDEX SERVICE CORPORATION v.
## M. J. FORRESTAL AND OTHERS.[1]

June 15, 1928.

No. 26,766.

**City council of Duluth may pass ordinances regulating the letting of public contracts, including surety bonds.**

1. The charter of the city of Duluth gives the city council power to enact ordinances regulating the letting of contracts for public work and, as incident thereto, prescribing surety bonds.

[1]Reported in 219 N. W. 943.

Statutory notice is not condition precedent to bringing suit by contractors for public work in Duluth.

    2. The notice required by G. S. 1923, § 9705, as a condition precedent to suit does not apply to bonds given by those who enter contracts with the city of Duluth for public work.

Municipal Corporations, 44 C. J. p. 321 n. 2; p. 351 n. 76; p. 362 n. 63.

Defendant Columbia Casualty Company appealed from an order of the district court for St. Louis county, Magney, J. sustaining a demurrer to its answer. Affirmed.

    *Abbott, MacPherran, Dancer, Gilbert & Doan,* for appellant.

    *McClearn & Gilbertson,* for respondent.

HOLT, J.

The action was brought by plaintiff to recover from defendants Forrestal & Coleman $1,510, the balance due for library equipment furnished them in their performance of the contract entered with the city of Duluth for constructing and equipping a branch public library in said city. The Columbia Casualty Company, a corporate surety company, was also made defendant, being the surety upon the bond furnished the city by the contractors, which bond was duly approved and accepted by the city. The bond ran to the city for its use "and also for the use of all persons who may perform any work or labor or furnish any * * * material in the execution" of the contract. It was conditioned to "pay as they become due all just claims for work and labor performed and for all * * * material furnished in the execution of said contract."

The surety answered separately and pleaded the provision of § 31, c. 4, of the city's home rule charter which prescribes that when the amount of any proposed work exceeds $100, published notice calling for bids must be given in a certain manner. It also contains this provision: "The council shall regulate the making of bids and letting of contracts by ordinance." Then the answer sets out the ordinance enacted pursuant to the power just recited. The substance of this ordinance is that when the contract involves more than $200 the contractor shall enter into a bond with the city, "which bond shall, in the case of a contract for the doing of public

work, conform to the requirements of the laws of the State of Minnesota, relating to such bonds, and which bond shall, in the case of the furnishing of materials or property, be conditioned for the full performance of such contract in accordance with its terms, * * * and for compliance with all the requirements of the law." The penalty shall not be less than the contract price. The surety of the bond must be a surety company holding a certificate from the state insurance commissioner stating that it is authorized to contract as surety on bonds in the state, except that by a vote of four-fifths the council may allow personal sureties. The bond must be approved by the city attorney and city treasurer and filed with the city treasurer and a copy of the bond filed with the contract in the office of the city auditor.

There is no allegation that there was a failure to comply with the charter or ordinance. But the gist of the defense is in this allegation: That the contract was completed and accepted by the public authorities on or prior to September 13, 1926, and that plaintiff failed and neglected to serve within 90 days thereafter a written notice upon the surety specifying the nature and amount of its claim and the date of furnishing the last item thereof as provided by G. S. 1923, § 9705. To this defense plaintiff demurred. From the order sustaining the demurrer the surety appeals.

The sole question presented is whether or not the provisions of G. S. 1923, §§ 9700 to 9705, apply to this bond, and particularly the last section which prescribes a condition precedent to suit which must be complied with; or, in other words, are the charter and ordinance provisions controlling? It is contended on authority of Breen v. Kelly, 45 Minn. 352, 47 N. W. 1067, that the charter does not empower the council to prescribe a contractor's bond and conditions relating thereto.

We are of the opinion that the sentence quoted above from § 31, c. 4, does give such power. It may by ordinance regulate the making of bids and letting of contracts. To the letting of contracts is closely connected the securing of their performance by proper bonds. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133, sustains the proposition that the ordinance mentioned is a proper

exercise of legislative power of the council, authorized by the charter to regulate the letting of contracts. The logic of the decision in Standard S. & C. Co. v. National Surety Co. 134 Minn. 121, 158 N. W. 802, supports the view that the bond in suit is governed by the charter and ordinance provisions of the city above referred to which contain no requirement of notice before suit nor a limitation of time for bringing of suit. The present charter was so construed in that case. G. S. 1923, § 9705, was in effect prior to the adoption of the present charter, yet the court held the statute did not apply to city contracts. L. 1923, p. 534, c. 373, amended only G. S. 1923, § 9700; it did not touch § 9705, the one here invoked.

The decision in Johnson v. City of Duluth, 133 Minn. 405, 158 N. W. 616, giving a statute in respect to notice of claim against a municipality the effect of annulling charter provisions upon the same subject, appears to support appellant's position; but the majority of the court consider the instant case ruled by Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133, and Standard S. & C. Co. v. National Surety Co. 134 Minn. 121, 158 N. W. 802.

Plaintiff under the express provision of the bond has the right to bring suit thereon. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618, is not a barrier to this suit under St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352.

The order is affirmed.