**MINNESOTA FARM BUREAU SERVICE CO., a Minnesota corporation, Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation, Defendant.**

Civ. 2825.

United States District Court
D. Minnesota,
Third Division.

Oct. 31, 1958.

Bernard P. Friel and Briggs, Gilbert, Morton, Kyle & Macartney, St. Paul, Minn., for plaintiff.

Frank X. Cronan and Carroll, Thorson, Anderson & Cronan, Minneapolis, Minn., for defendant.

BELL, District Judge.

This is a suit to recover insurance on policies issued by the defendant to the plaintiff during the period February 1, 1948 to February 1, 1955. There is no controversy as to the issuance of various policies during this period and that many were in force and effect at the time when losses were sustained.

Th plaintiff is a Minnesota corporation engaged in the manufacture and sale of fertilizer composed of phosphate, potash and nitrogen (ammonia) in varying quantities at its plant in St. Paul, Minnesota.

The defendant is a corporation engaged in the business of writing casualty and liability insurance. In policies duly issued it became obligated to pay the plaintiff damages on account of bodily injury, sickness or disease, including death resulting therefrom, sustained by any person, with limits of $100,000 for each person and $150,000 for each occurrence. The policies obligated the defendant to pay on behalf of the insured all sums which the insured should become legally liable to pay as damages because of injury to or the destruction of property including the loss of use caused by accident. Under each of said policies, the defendant at its expense agreed to defend any suit against the insured alleging any claim within the coverage of the policy even if such suit was groundless, false, or fraudulent and to pay all expenses in connection with such defense.

Each of said policies provided that when an accident or occurrence took place written notice should be given by or on behalf of the insured to the defendant as soon as practicable and further that if claim were made or suit brought, the insured immediately would forward to the company every demand, notice, summons or process received by it and that the insured would cooperate with it, support the defendant in effecting settlements, securing evidence, the attendance of witnesses and in conducting suits.

In the spring of 1954 residents living in the vicinity of plaintiff's plant at St. Paul made verbal complaints to the employees of the insured with respect to ammonia fumes, vibrations caused by explosions at the plant, diffusions of dust emanating from the plant and other conditions causing damage to the property of complainants, injury and discomfort to their persons, their families and homes. On June 3, 1954, an attorney representing these persons wrote plaintiff demanding that the plaintiff abate the alleged nuisances. On receipt of this letter the plaintiff referred the facts to its attorney. On July 8, 1954, suits were commenced in the District Court of Ramsey County, Minnesota, against the plaintiff for damages and injunctive relief in eleven cases. The Complaints in these suits alleged:

"That the Defendant has created and maintained a nuisance on its premises, with frequent detonations of powerful explosives thereon, causing disturbing noise and the vibration of land owned by Plaintiffs, and shaking the buildings thereon, causing the masonry and plaster and other parts of the buildings to crack, loosen and fall, weakening the structures and causing rapid deterioration, frightening the occupants and impairing its value; that it has and is violating the ordinances of the City of Saint Paul and the laws of the State of Minnesota, in its said activities;

"That noxious odors, fumes, gases, and powders, in great volume, emanate from the Defendant's said property, particularly, but without limiting the foregoing, during the handling and manufacture of fertilizer, and that these are nauseating to the occupants of Plaintiffs' premises, deleterious to their health, and disruptive to their peace of mind and injurious to their welfare, as well as damaging the plant life on their said property and even killing the same, and befouling the buildings, and personal property and further impairing the value of the Plaintiffs' property, both real and personal;

"That by reason of the close location of Defendant's property and the said nuisance to Plaintiffs' property, their damage has been particular, special and substantial;"

The plaintiff herein interposed answers in the suits, and they were con-

solidated for trial in the state court. On January 21, 1955, plaintiffs' attorney notified the defendant of the pendency of said actions and tendered to the defendant the defense thereof. The defendant by letter dated January 24, 1955, to plaintiff's attorney denied that it had any interest or responsibility in said suits and refused to assume the defense thereof.

The trial of these suits was commenced in the state court January 26, 1955, and it was determined therein that the plaintiff in this suit was liable for damages to each of the claimants in the state court suits, and on May 27, 1955, judgments were entered in favor of said claimants. These judgments were paid in full by the plaintiff herein, and on October 12, 1955, were satisfied. The plaintiff in this suit is seeking reimbursement from the American Casualty Company of Reading, Pennsylvania, its insurance carrier, for the recoveries obtained from it in the suits against it in the District Court of Ramsey County, Minnesota.

The state court determined that the claimants were not entitled to recover for personal injuries and that they should be limited in recovery to property damages and made the awards accordingly. The damages allowed were the unintended and unforeseen results of plaintiff's manufacturing operations and constituted obligations imposed by law within the coverage of the various policies.

The plaintiff Minnesota Farm Bureau Service Company presented evidence to show that policies of insurance were issued to it by the defendant American Casualty Company and were in force and effect at the time the losses were sustained; that suits were commenced against the plaintiff in the District Court of Ramsey County, Minnesota, by claimants in eleven cases, judgments were entered against the plaintiff and that the judgments were paid by the plaintiff. The plaintiff demanded reimbursement of the defendant herein, and payment was refused.

■ The defendant contends that notice of claims required by the provisions of the policies and the notice given to it by the plaintiff were not timely. Under the terms of the policies of insurance, plaintiff was obligated to notify the defendant as soon as practicable after the accident or occurrence happened. It was not under a duty to give notice until it was aware of the fact that some act or omission was the basis of a claim for relief against it. With respect to this contention, it is necessary to determine first when the plaintiff became obligated to give notice. Until this is established, determination cannot be made as to whether notice was timely. The evidence shows that complaints were made by some of the residents in the area of plaintiff's plant in the early spring of 1954, but that it was not until June of 1954 that any claim was actually made by any one against the plaintiff. Plaintiff was not, therefore, under a duty to give notice to the defendant that claims had been made until June 1954 when it was first notified of the claims made in the state court. Farrell v. Nebraska Indemnity Co., 183 Minn. 65, 235 N.W. 612; 18 A.L.R.2d 470; Williams v. Cass-Crow Wing Cooperative Association, 224 Minn. 275, 28 N.W.2d 646.

■ The policies required that the plaintiff notify the defendant immediately on receipt of suit papers. This provision of insurance contracts has been interpreted by the Supreme Court of Minnesota as imposing on the insured an obligation to notify the insurer of such fact within a reasonable time after it comes to the insured's attention.

■ What constitutes a reasonable time within which to give notice of the accident or occurrence or of the fact that a suit has been commenced, depends on the facts and the circumstances of the case. The Supreme Court of Minnesota in analyzing the question of whether the notice was reasonable and timely under the circumstances has considered important the question of whether the rights of the insurer have been preju-

diced, and it has held that notice was reasonable and timely where no prejudice resulted to the insurer from a delayed notice. Farrell v. Nebraska Indemnity Co., supra; Williams v. Cass-Crow Wing Cooperative Association, supra; Standard Salt & Cement Co. v. National Surety Co., 134 Minn. 121, 158 N.W. 802; Cary v. National Surety Company, 190 Minn. 185, 251 N.W. 123; Gamble-Skogmo, Inc. v. St. Paul Mercury Indemnity Co., 242 Minn. 91, 64 N.W.2d 380.

The evidence in this case does not show that the defendant was prejudiced because of delayed notice of the claims and the institution of suits in connection with this matter until January 1955. It is the opinion of this court that under the circumstances the notice given by the plaintiff in this case was reasonable and timely; and that the evidence does not show that the defendant was prejudiced because it was notified of the pendency of the suits five days before the date set for trial as the evidence discloses that the defendant might have secured a continuance to prepare for defense had it made such request. The opportunity of the defendant to investigate in this case was as good at the time it received notice from the plaintiff as it was at the time plaintiff originally received notice of the claims.

Furthermore, this Court is of the opinion that defendant's refusal to accept the defense of the various actions on the ground that the policies of insurance issued by it did not afford coverage of the claims asserted, constituted a waiver by the defendant of its right to assert lack of timely notice as a defense in this case. The evidence at the trial showed that upon receipt of plaintiff's letter notifying it of the claims and of the suits in the district court, the defendant replied denying that the loss occurred in consequence of any risk covered by the policy issued by it. This position was reasserted by the defendant in other communications to the plaintiff during the year 1955. It is the law in Minnesota and many other jurisdictions that a refusal by an insurer to pay a claim or to defend an action on the grounds that the loss occurred in consequence of risk not covered by the policy is in itself a waiver of the policy provisions requiring notice. Cary v. National Surety Company, supra; Section 4686 (8) 9 Dunnell's Minnesota Digest (Third Edition); Goodwin v. Massachusetts Mutual Life Insurance Company, 73 N.Y. 480; John Alt Furniture Company v. Maryland Casualty Co., 8 Cir., 88 F.2d 36; Equitable Life Assur. Soc. v. Winning, 8 Cir., 58 F. 541, 546, 547. Judge Thayer in Equitable Life Assur. Soc. v. Winning said:

"It is invariably held that a refusal by an insurer to pay a claim, after a loss has occurred, because of a breach of any of the substantive provisions of the policy, or because the policy was not in force, or because the loss occurred in consequence of a risk not covered by the policy, is in itself a waiver of the provision requiring notice and proofs of loss to be submitted within a specified number of days after the loss occurs. The cases to this effect are almost too numerous for citation, and only a few will be referred to. Tayloe v. Merchants' Fire Insurance Co., 9 How. 390, 391, 396, 397, 13 L.Ed. 187; Norwich & N. Y. Transp. Co. v. Western Massachusetts Ins. Co., 34 Conn. 561, 570 (Fed.Cas.No.10,363), and citations: Thwing v. Great Western Insurance Co., 111 Mass. 93, 110."

The defendant furthermore contends that the coverage afforded by the various policies of insurance does not extend to the losses sustained by the claimants by reason of the state court judgments. All the state court claimants, including the additional party, alleged that the plaintiff's operations constituted a nuisance and that the injuries sustained by them occurred in consequence of the nuisance. Certainly the use of the term nuisance is not explanatory of the manner in which the alleged damages occurred. The term is merely expres-

320

sive of a conclusion and it is the more specific occurrence upon which this conclusion is based that is determinative of the question of coverage. By their terms the various insurance policies extend coverage to the plaintiff for property damage by reason of the liability imposed on the plaintiff by law arising out of accidents.

■■ The damage sustained by the eleven state court claimants, also the additional claimant, was the result of plaintiff's intentional conduct insofar as that conduct was designed to carry out plaintiff's manufacturing operations. This conduct was not intended to cause damage to the various claimants nor does the evidence of the case indicate that the result of this conduct insofar as the damage complained of by the state district court claimants was foreseeable. This damage was in fact a completely unexpected and unintended result of an intentional act and was an accident within the terms of the various policies issued by the defendant. Hauenstein v. St. Paul Mercury Indemnity Co., 242 Minn. 354, 65 N.W.2d 122. Accordingly this Court has found that the damage sustained by the plaintiff was in consequence of a risk covered by the various policies of insurance issued to it by the defendant.

■■■ Plaintiff also made claim for the costs and expenses of defending the various state court actions and for the costs and expenses of settling the additional claim, and the attorney's fees in connection therewith. The policies contained provisions obligating the insurance company, the defendant herein, to defend and pay all expenses in connection with any suit against the insured plaintiff alleging any claim within the coverage of the policy even if such suit was groundless, false or fraudulent. Defendant's refusal in January, 1955 to take the defense of the pending actions in the state court, also the additional claim mentioned, constituted a breach of its contractual obligations and relieved the plaintiff from the policy provisions prohibiting the plaintiff from voluntarily making any settlement or assuming any obligation or expense without the defendant's consent. Butler Brothers v. American Fidelity Company, 1913, 120 Minn. 157, 139 N.W. 355, 44 L.R.A.,N.S., 609. Farrell v. Nebraska Indemnity Co., supra; Mannheimer Brothers v. Kansas Casualty and Surety Company, 1921, 149 Minn. 482, 184 N.W. 189; Hillstrom v. Mannheimer Brothers, 1920, 146 Minn. 202, 178 N.W. 881. However, the Court has found that there was no breach of the provisions of the policy contract by the plaintiff until the defendant refused to defend the various state court actions.